**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNIONS AND EMPLOYERS MIDWEST PENSION FUND and TRUSTEES ROBERT W. O'TOOLE, STEVEN M. POWELL, MIKE FORTE, MARCUS PARKER AND WILLIAM R. SEEHAFER, | ) | Case No. |
| Plaintiffs, | ) | |
| v. | ) | |
| HEALTHCARE SERVICES GROUP, | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COME Plaintiffs, United Food and Commercial Workers Unions and Employers Midwest Pension Fund ("Pension Fund"), and Trustees Robert W. O'Toole, Steven M. Powell, Marcus Parker, Mike Forte, and William R. Seehafter ("Trustees") (collectively, "Plaintiffs"), and for a cause of action against Healthcare Services Group ("HSG"), allege as follows:

## INTRODUCTION

1. This action is brought by Trustees for the purpose of securing the payment of contributions from Big John's pursuant to the terms of the Collective Bargaining Agreement ("CBA") entered into between HSG and United Food and Commercial Workers.

2. This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, 29 U.S.C. §§ 1001 *et seq.*, and the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185. The Pension Fund seeks to collect delinquent payments.

3. Jurisdiction is conferred on this court by ERISA Sections 502(a)(3), (e)(1) and (f), and 4301(c), 29 U.S.C. §§1132(a)(3), (e)(1) and (f), and 1451(c), and by the provisions of 28 U.S.C. §1331, relating to any civil action or proceeding arising under the laws of the United States.

4. Venue is proper in this court pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§1132(e)(2) and 1451(d), as the Pension Fund is administered in this judicial district at 1431 Opus Place, Suite 350, Downers Grove, Illinois, 60515.

## THE PARTIES

5. Robert W. O'Toole, Steven M. Powell, Marcus Parker, Mike Forte, and William R. Seehafter are Trustees of the Pension Fund.

6. The Pension Fund is established and operates pursuant to an Agreement and Declaration of Trust (hereinafter, "Pension Trust Agreement") for the purpose of providing pension benefits for employees. (A copy of the Pension Trust Agreement is attached hereto as Exhibit "A.") The Pension Fund is a multiemployer pension plan within the meaning of 29 U.S.C. §§1002(37) and 1301(a)(3) of ERISA. The Pension Fund is administered from its principal office, located at 1431 Opus Place, Suite 350, Downers Grove, Illinois, 60515.

7. At all times material hereto, Defendant, HSG, was engaged in interstate commerce or in an industry or activity affecting commerce within the meaning of ERISA, 29 U.S.C. §1002(11) and (12). At all times material hereto, HSG was located at 3220 Tillman Drive, Suite #300 Bensalem, Pennsylvania 19020.

## COUNT I

8. Plaintiffs repeat, reallege and incorporate herein by reference Paragraphs 1 through 7 of the Complaint.

9. Pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(g), the CBA, and the Pension Trust Agreement, Plaintiffs are empowered to take all necessary action to recover all contributions due, together with interest, liquidated damages, reasonable attorneys' fees, and costs.

10. Article V of the Pension Trust Agreement requires the payment of liquidated damages by HSG to the Pension Fund each month a delinquency exists. Such liquidated damages have been

established at 10% of the number of contributions due for the first month of the delinquency and, in addition thereto, 1.5% for each additional month such delinquency remains outstanding. Article V also provides that the Employer shall be liable for the cost of filing suit and reasonable attorneys' fees.

11. The Pension Fund is a third-party beneficiary to the CBA because it is designated by the CBA to receive contributions to be used to provide benefits for employees covered by the CBA.

12. The Pension Fund conducted a payroll audit for the purpose of determining if HSG made appropriate contributions for the appropriate covered employees.

13. The Pension Fund submitted the payroll audit results to HSG's agent on September 16, 2026. (A copy of the letter is attached hereto as Exhibit "B").

14. The Pension Fund wrote to HSG demanding payment of the delinquency contributions, as well as liquidated damages, interest, and an audit fee, by September 30, 2026. (Exhibit B).

15. Plaintiffs have performed all the conditions required to be performed pursuant to the terms of the CBA and Pension Trust Agreement.

16. HSG has failed to make pension contributions to the Pension Fund from or about January 1, 2021 through July 31, 2022.

17. HSG owes the Pension Fund $6,157.11 in pension contributions, $615.70 in liquidated damages, $1,707.07 in interest, an audit fee of $2,952.00, as well as attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Honorable Court grant relief, as follows:

I. Enter an Order requiring Defendant, HSG, to specifically perform under the terms of the CBA and the Pension Trust Agreement, by paying to the Pension Fund the unpaid principal owed on all delinquent pension contributions.

II. Enter an Order requiring Defendant, HSG, to pay to the Pension Fund liquidated damages on all delinquent pension contributions.

III. Enter an Order requiring Defendant, HSG, to pay to the Pension Fund an amount equal to the interest on the unpaid pension contributions at the rate prescribed under Section 6621 of the Internal Revenue Code of 1985.

IV. Enter an Order requiring Defendant, HSG, to pay Plaintiffs' attorneys' fees and costs; and

V. For such other relief as this Court deems just and equitable.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: November 16, 2026

Respectfully submitted,

/s/Jonathan D. Karmel
Jonathan D. Karmel
*Attorney for Plaintiffs*
Karmel & Torres
20 S. Clark Street, Ste. 1720
Chicago, IL 60603
jon@karmellawfirm.com
Attorney No. 6183121

/s/Noah L. Karmel
Noah L. Karmel
*Attorney for Plaintiffs*
Karmel & Torres
20 S. Clark Street, Ste. 1720
Chicago, IL 60603
noah@karmellawfirm.com
Attorney No. 6357226